# In the United States District Court for the Southern District of Georgia Savannah Division

UNITED STATES OF AMERICA,

v.

KWESI CHEW,

    Defendant.

CR 4:17-216

## ORDER

Before the Court is Defendant Kwesi Chew's motion for compassionate release filed pursuant to 18 U.S.C. § 3582(c)(1)(a). Dkt. No. 44. His motion is **DISMISSED**.

### LEGAL AUTHORITY

18 U.S.C. § 3582(c)(1)(a) reads, in pertinent part:

(c) Modification of an imposed term of imprisonment.—
The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary

and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious

3

>deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
>(C) Family Circumstances.—
>
>>(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>>(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

"Application Note 1(D) provides that a reason other than those enumerated in the commentary may qualify as an extraordinary and compelling reason for compassionate release, but such 'other reason[ ]' must be 'determined by the Director of the Bureau of Prisons.'" United States v. Doobay, No. 3:16-CR-122-J-32MCR, 2020 WL 5749921, at *1 (M.D. Fla. Sept. 25, 2020) (citing U.S.S.G. § 1B1.13, cmt. 1(D)). "By its own terms, this provision does not authorize the Court to invent new or additional 'extraordinary and

4

compelling reasons' for compassionate release." Id. (citing United States v. Copeland, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (quotation marks omitted)).

**DISCUSSION**

In his motion for compassionate release, Defendant argues his "career offender enhancement was illegally applied," and he seeks "to be re-sentenced to time served." Dkt. No. 44 at 6. Specifically, he states his "marijuana conviction . . . does not qualify as a predicate [offense] for career offender purposes." Id. at 1.

Though Defendant states he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), his claim is not cognizable under that statute. Section § 3582(c)(1)(A), in part, gives a court the authority to modify a term of imprisonment when "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Generally, those reasons are limited to a defendant's medical condition, family circumstances, or age. U.S.S.G. § 1B1.13, Policy Statement, Application Note 1. Defendant makes no mention of his medical condition, his family circumstances, or his age in his motion for compassionate release to the Court. See Dkt. No. 44. Moreover, even if he had, Defendant has not asserted that he has exhausted his administrative remedies with the Bureau of Prisons before filing a motion with the Court.

5

See 18 U.S.C. § 3582(c)(1)(A). Therefore, Defendant's motion, dkt. no. 44, is **DISMISSED**.

Further, it appears from Defendant's motion that what he is really trying to do is collaterally attack his sentence. See id. His remedy, therefore, is to file a motion to vacate pursuant to 28 U.S.C. § 2255. The Clerk is **DIRECTED** to mail Defendant an AO 243 form for his use in the event he chooses to seek relief under § 2255.

## CONCLUSION

Defendant's motion for compassionate release, dkt. no. 44, is **DISMISSED**.

**SO ORDERED**, this 22 of August, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA